## George E. Fertig v. Charles E. Fertig.

## Charles E. Fertig v. George E. Fertig.

(Decided April 16, 1918.)

## Appeals from Jefferson Circuit Court (Chancerry Branch, First Division).

Costs—Interest.—Under the facts and circumstances of this case the costs in lower court should be paid by appellee and the costs in this court equally divided, and no interest allowed the appellant.

BLAKEY, QUIN & LEWIS for Charles E. Fertig.

O'NEAL & O'NEAL and HENRY J. TILFORD for George E. Fertig.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming in each case.

Charles E. Fertig, the appellant, and his brother, George E. Fertig, the appellee, got into a controversy that ended in litigation involving the question of whether a partnership, as insisted by Charles, existed between them in respect to certain valuable real estate in the city of Louisville. In this litigation the lower court decided that they were not partners in the ownership of this property, and on an appeal by Charles the judgment of the lower court was affirmed in an opinion that may be found found in 176 Ky. 382.

In the course of this litigation George Fertig, although denying that any partnership existed between them, or that Charles was entitled to any interest in the property as a partner, admitted that in the purchase, management and control of the property Charles had acted as his agent and was entitled to compensation therefor, and so when the case went back to the lower court, the question at issue between the parties was the amount of compensation to which Charles was entitled as agent for his brother. Although it should be said that there is some insistence on the part of counsel for George that Charles, on account of his conduct, was not entitled to any compensation; while Charles set up a claim for compensation in the sum of $22,500.00.

With the status of the parties in this condition the lower court referred the case to the commissioner for the purpose of hearing evidence and reporting the compensation, if any, to which Charles was entitled for serv-

ices rendered in connection with this property. The commissioner, after hearing the evidence, returned into court a carefully prepared and itemized account of the services rendered by Charles and the compensation to which he was entitled—finding that there was due him $7,462.57, one item of this allowance being interest in the sum of $1,683.82. To this report both parties filed exceptions. George insisted that Charles was not entitled to any compensation, or if so to greatly less than was allowed by the commissioner; while Charles contended that he should have been allowed $14,503.88.

When the lower court came to pass on these exceptions, it confirmed the report of the commissioner except as to the allowance of interest in the sum of $1,-683.82, holding that Charles was not entitled to any interest. Of this judgment both parties complain, and each has prosecuted an appeal to this court, George insisting here as he did below that Charles was not entitled to any compensation or if so to much less than was awarded by the judgment, while Charles asks that the case be reversed and that he be allowed at least $14,-000.00 with interest. Charles also complains of the action of the lower court in respect to awarding costs.

We have examined, with care, the evidence appearing in the record, as well as the brief of counsel, in support of their respective contentions and have reached the conclusion that it would serve no useful purpose to extend this opinion in setting forth in detail the reasons that have induced us to affirm the judgment in its entirety except as to the question of costs.

The only mistake made as we think by the commissioner was in the allowance of interest to Charles. Under the circumstances of this case we do not think he was entitled to interest. He first contended that a partnership existed between himself and his brother and denied that he acted as the agent of his brother or was entitled to compensation for services rendered as agent, and not until after it was finally decided that no partnership existed did he assert a claim for compensation for services rendered as agent, and we know of no authority that would authorize us, under these facts to give Charles interest except as awarded by the lower court. George was at all times willing that Charles should have reasonable compensation for his services and testifies that he authorized him to take compensation out of the

funds in his hands from time to time, but Charles would not have it this way, he wanted an interest in the property and not compensation. He has been allowed, by the lower court, reasonable compensation, and to give him in addition to this, interest for several years, would be doing an injustice to George and give to Charles money to which he persistently insisted he was not entitled and did not want. Orr v. Louisville Tobacco Warehouse Co., 30 Ky. Law Rep. 457.

On the subject of costs, we think that George should pay the costs in the lower court from and including the date of the reference to the commissioner and one-half of the costs in this court.

Wherefore, the judgment on each appeal is affirmed with the direction to tax the costs in the lower court and this court as indicated.